*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

C-SPINE ORTHOPEDICS, PLLC,

Plaintiff-Appellant,

UNPUBLISHED
March 30, 2023

v

No. 360887
Macomb Circuit Court
LC No. 2020-002560-NF

ALLSTATE INSURANCE COMPANY,

Defendant-Appellee.

Before: CAVANAGH, P.J., and MARKEY and BORRELLO, JJ.

PER CURIAM.

Plaintiff, C-Spine Orthopedics, PLLC (C-Spine), appeals by right the trial court's order granting summary disposition in favor of defendant, Allstate Insurance Company (Allstate). The lawsuit involves C-Spine's effort to collect personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq*., pursuant to certain assignments executed by Darryl Beavers, who was injured in a motor vehicle accident and had received medical treatment from C-Spine in relation to the injuries. Allstate insured the car in which Beavers was riding when he was injured, and there is no dispute that Allstate is the responsible no-fault insurer. The trial court ruled that C-Spine was not the real party in interest and lacked standing at the time the action was filed. The court reasoned that C-Spine had transferred all of its rights and interests in certain accounts receivable, including those in relation to services provided to Beavers, to third-party factoring companies before commencing the suit. C-Spine eventually obtained counter-assignments executed by the factoring companies, ostensibly conveying the accounts receivable back to C-Spine, but the trial court refused to consider the counter-assignments because they were not produced until after the close of discovery. We are compelled by binding precedent to reverse and remand for further proceedings under *C-Spine Orthopedics, PLLC v Progressive Mich Ins Co*, ___ Mich App ___; ___ NW2d ___ (2022) (Dockets Nos. 358170 and 358171).

The facts in this case largely parallel the facts in *C-Spine Orthopedics*—(1) auto accident victims obtained medical treatment and services from C-Spine for injuries incurred in the accidents; (2) the victims assigned their rights to obtain no-fault PIP benefits from responsible insurers to C-Spine; (3) C-Spine transferred all of its rights and interests in certain accounts receivable to third-party factoring companies, including those associated with the underlying auto-

accident victims; (4) C-Spine then commenced civil suits against the no-fault insurers for payment of services rendered to the victims; (5) the insurers moved for summary disposition on the basis that C-Spine was not the real party in interest and lacked standing in light of the transfers; (6) C-Spine produced backdated counter-assignments from the factoring companies, conveying the accounts receivable back to C-Spine; and (7) the trial court eventually granted summary disposition in favor of the insurers. See *C-Spine Orthopedics*, ___ Mich App at ___; slip op at 2-3.

In this case, the trial court did not take into consideration the counter-assignments offered by C-Spine because they were produced after the close of discovery. And in *C-Spine Orthopedics*, the trial court effectively did not take into consideration the counter-assignments because they were not executed until after the litigation was commenced. *Id.* at ___; slip op at 3.

As indicated at the outset of this opinion, the majority opinion in *C-Spine Orthopedics* controls. In pertinent part, this Court held:

> Under MCR 2.201(B), "[a]n action must be prosecuted in the name of the real party in interest" subject to several qualifications. This procedural rule requires that a complaint be brought by the party to whom a claim belongs, or by a party who has a legal right to bring the action. This concept is distinct from standing, which asks whether a litigant has a right to have a court consider a claim.

> Standing is not a barrier to C-Spine's case because MCL 500.3112 grants C-Spine the right to "assert a direct cause of action against an insurer . . . to recover overdue benefits payable for charges for products, services, or accommodations provided to an injured person." As a provider, C-Spine has statutory standing to bring a claim on its own behalf. Statutory standing, which necessitates an inquiry into whether a statute authorizes a plaintiff to sue at all, must be distinguished from whether a statute permits an individual claim for a particular type of relief. Whether C-Spine has an actionable claim for relief is a different question than whether it has a right to litigate its current grievance in our courts.

> The real-party-in-interest rule does not preclude C-Spine's suit, either. The court rule anticipates that situations such as this one might arise. MCR 2.201(B)(1) provides:

> "A personal representative, guardian, conservator, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, *or a person authorized by statute may sue in his or her own name without joining the party for whose benefit the action is brought*." [Emphasis added.]

> C-Spine is authorized by statute to bring a first-party no-fault claim, and the plain language of the court rule permits it to do so despite that the action was brought for the benefit of the factoring companies, or for the joint benefit of C-Spine and the factoring companies.

This Court has explained the principle underlying MCR 2.201(B)(1) as follows: A real party in interest is one who is vested with the right of action on a given claim, although the beneficial interest may be in another. C-Spine is vested with the right of action against Progressive based on the assignments from the [injured motorists], and is authorized by statute to sue in its own name under the plain language of MCL 500.3112. That the beneficial interest resided with the factoring companies did not eliminate C-Spine as a real party in interest. [*C-Spine Orthopedics*, ___ Mich App at ___; slip op at 3-4 (quotation marks and citations omitted; emphasis in original).]

Applying *C-Spine Orthopedics*, we must conclude that C-Spine, having statutory standing under MCL 500.3112, has standing in this case and is the real party in interest. Accordingly, we reverse the trial court's ruling granting summary disposition in favor of Allstate. We do note that because the trial court did not take into consideration the counter-assignments given that they were not produced until after discovery, which ruling is not challenged on appeal, *C-Spine Orthopedics* would appear to dictate that the factoring companies be added to the suit on remand as necessary parties, MCR 2.205(A), to eliminate the risk of a second lawsuit by the factoring companies. *C-Spine Orthopedics*, ___ Mich App at ___; slip op at 4.

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction. We decline to award taxable costs under MCR 7.219.

/s/ Mark J. Cavanagh
/s/ Jane E. Markey
/s/ Stephen L. Borrello